# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CASANEYL VALENTINE**                                                                 **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 5:10cv160-DCB-JMR**

**BRUCE PEARSON, Warden**                                                               **RESPONDENT**
_____

## REPORT & RECOMMENDATION
_____

This matter is before the Court pursuant to a Motion [7-1] to Dismiss as Moot filed on behalf of Respondent. To date, Petitioner has failed to file a Response in Opposition to the motion. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, recommends that the Respondent's Motion [7-1] to Dismiss as Moot be granted and Petitioner's petition be dismissed.

## FACTS

Petitioner, Casaneyl Valentine, is a federal inmate currently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi. Valentine is serving a 120-month sentence with three years supervision for knowingly receiving and possessing money of a value exceeding one thousand U.S. dollars ($1,000.00) which had been taken or stolen from a bank insured by the F.D.I.C. in violation of 18 U.S.C. § 2113(c). (*See* Ex. "1" Attach. [7-1] Mot.) Valentine's projected release date is September 27, 2014, via good conduct time release. *Id.*

Petitioner alleges that he is improperly being deprived of good conduct time ("GCT") during his pretrial custody period. Petitioner filed the instant *habeas* petition alleging that he is only being awarded forty-two (42) days annually of GCT for the time he spent in pretrial instead of the maximum fifty-four (54) days of GCT allowed. Petitioner asserts that he is being awarded less time

because he refused to participate in a Bureau of Prisons ("BOP") literacy program on a prior incarceration. Petitioner claims this error results in him serving twenty-four (24) more days on his sentence than he should. (Pet. [1-1] 5.) Respondent filed the present motion to dismiss as moot on December 28, 2010. (*See* Mot. [10-1] Dismiss.) The instant case was reassigned to the undersigned on February 2, 2011. (*See* Order [9].) To date, Petitioner has not filed a response in opposition to Respondent's motion.

## **ANALYSIS**

Respondent urges this Court to dismiss the instant petition as Petitioner was afforded the relief which he requested, i.e., he was awarded the maximum fifty-four (54) days of GCT credit on his pretrial custody periods. According to a declaration by Bryan Erickson, a BOP management analyst in inmate computation, Petitioner's allegation was reviewed and it was determined that he was correct and was entitled to the maximum fifty-four (54) days of GCT credit per year for the time Petitioner spent in pretrial custody, January 22, 2006 to June 29, 2008. (*See* Ex. "2" Attach. [7-2] Mot.) Petitioner's SENTRY Education Information code was changed from GED Unsatisfactory on November 18, 2010, allowing his federal sentence to earn the required amount of fifty-four (54) days of GCT credit on his pretrial custody periods. *Id.* According to Petitioner's BOP computation sheet, Petitioner has now been awarded the maximum fifty-four (54) days of GCT credit on his pretrial custody periods. *Id.* at 13. Because of this change, Petitioner's projected satisfaction date was reduced from the previous date of October 14, 2014 to the current projected satisfaction date of September 27, 2014, a difference of twenty-one (21) days. *Id.*

The Court notes that the award of fifty-four (54) days of GCT credit on Petitioner's pretrial custody periods resulted in Petitioner's satisfaction date being reduced by twenty-one (21) days and not twenty-four (24) days as Petitioner expected. Pursuant to 18 U.S.C. § 3624(b) and 28 C.F.R. §

523.20, the award of fifty-four (54) days of GCT credit is prorated when the time served by an inmate is less than a full year.  18 U.S.C. § 3624(b) states that

> "[a] prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, may receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term... credit for the last year or portion of a year of the term of imprisonment shall be prorated."

The interpretation of § 3624(b) by the BOP is contained in 28 C.F.R. § 523.20, which provides that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." (*See* Ex. "2" Attach. [7-2] Mot.)  Prior to the change in Petitioner's sentence computation, he had 281 days to serve during the prorated anniversary period. *Id.*  When Petitioner's sentence calculation was updated on November 18, 2010, it was established that he will be serving 260 days during the final prorated anniversary period. *Id.*  Previously, Valentine's sentence was eligible to earn 449 days of GCT.  However, after correcting Valentine's SENTRY Education Information status during the pretrial periods, his sentence is now eligible to earn 470 days of GCT, a difference of twenty-one (21) days of GCT. *Id.*

This Court finds that Petitioner has been provided with the relief he seeks as he has been awarded the maximum fifty-four (54) GCT credit on his pretrial custody periods.  Thus, there is no case-or-controversy present, as required under Article III, Section 2, of the Constitution.[1]  Article III of the United States Constitution vests the federal courts with the judicial power to hear cases and controversies. U.S. Const. art. III, § 2.  The Supreme Court has held that the case-or-controversy

---

[1]The Court is not aware of any collateral consequences which Petitioner will suffer sufficient to defeat mootness of this action.  Collateral consequences will not be presumed. *Spencer v. Kemna*, 523 U.S. 1, 13, 118 S. Ct. 978, 986, 140 L. Ed. 2d 43 (1998).

requirement of Article III, "limits the business of federal courts to 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980) (quoting *Flast v. Cohen*, 392 U.S. 83, 95, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968)). The doctrine of mootness ensures that federal courts are presented with issues that they have the ability to resolve. *Id.* at 396-97. A case becomes moot "'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)).

## **RECOMMENDATION**

Because the Respondent has awarded Petitioner the maximum fifty-four (54) days of GCT credit on his pretrial custody periods, Petitioner has obtained all the relief to which he is entitled. Therefore, consideration of Petitioner's *habeas* petition is moot. *See, e.g. Jackson v. Dretke*, 2006 U.S. Dist. LEXIS 57581, 2006 WL 2248081, at *2 (S.D. Tex. Aug. 3, 2006) ("Because petitioner has received the credit toward his sentence that he sought, his [*habeas*] claim is moot."). Accordingly, this Court recommends that Respondent's Motion [7-1] to Dismiss as Moot be granted and Petitioner's Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from

attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[2]

THIS the  11th  day of May, 2011.

                                   s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.